IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

Plaintiff,

v.

CIVIL ACTION NO. 2:25-cv-363

DONNA R. MARTORELLA,

Defendant.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is the United States of America's ("Plaintiff"), Motion for Default Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b) against Donna R. Martorella ("Defendant"). For the reasons set forth below, Plaintiff's Motion for Default Judgment is **GRANTED.**

## I. FACTUAL AND PROCEDURAL HISTORY

On June 18, 2025, Plaintiff filed a Complaint against Defendant alleging that Defendant is indebted to Plaintiff in the amount of $196,465.90 for unpaid federal income tax liabilities for the tax years 2007, 2016, and 2017. ECF No. 1 at 3. Defendant failed to file a responsive motion. On August 13, 2025, Plaintiff filed a motion requesting entry of a default judgment. ECF No. 6. On August 14, 2025, a Default was entered against Defendant. On January 21, 2026, Plaintiff filed a Motion for Default Judgment as to Defendant. ECF No. 7. Defendant failed to respond. Plaintiff seeks the entry of an order finding that Defendant is indebted to Plaintiff for unpaid federal income taxes and accrued statutory interest. *Id.* at 2.

1

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Pursuant to Rule 55(a), the Clerk must enter default against a party that "has failed to plead or otherwise defend" against an action. After the Clerk has entered default, a plaintiff may seek a default judgment against a defendant pursuant to Rule 55(b). A court must "exercise sound judicial discretion" when considering whether to enter default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citing *Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). The United States Court of Appeals for the Fourth Circuit has expressed "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Default judgment may be appropriate, however, "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

Although a defaulting party admits the factual allegations in the filings of the opposing party, a court must evaluate the sufficiency of the allegations to determine if the party moving for default judgment states a cause of action. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). *See also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The court must ... determine whether the well-pleaded allegations in [the] complaint support the relief sought in th[e] action."); *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506

2

(4th Cir. 1998) (holding that the district court erred in granting default judgment to a party where the party failed to state a valid claim).

### III. DISCUSSION

The Court may grant default judgment when a defendant fails to respond to a complaint for declaratory relief after being properly served. *Scottsdale Ins. Co. v. Bounds*, No. CIV. BEL-11-2912, 2012 WL 1576105, at *3 (D. Md. May 2, 2012). In the instant case, default judgment against Defendant is appropriate because the Defaulting Defendant has failed to respond to the Complaint and failed to appear at the June 16, 2026, hearing on the motion for default judgment. *See Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (finding default judgment proper where defendant did not appear at show cause hearing and did not respond to certified notices sent by court); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding default judgment when defendant lost summons and complaint and did not answer within the prescribed period).

Defendant has completely failed to defend the case, including the Motion for Default Judgment. Defendant was served with a writ of summons, complaint, and supporting documents on July 9, 2025. ECF No. 4. Defendant did not request an extension of time in which to answer the Complaint, or any other motion, with the Court. An Entry of Default was made against Defendant on August 14, 2025. Defendant did not appear at the default hearing held on June 16, 2026, for which Defendant was provided notice. Defendant is not an infant, an incompetent person, or in the military service. Accordingly, default judgement is appropriate.

The Court next considers the amount of damages to award Plaintiff. A default judgment does not automatically establish liability in the amount claimed by the plaintiff. Unless the amount of damages is certain, the Court is required to make an independent determination of the sum to

3

be awarded. In all circumstances, "a default judgment may not exceed in amount that prayed for in the demand for judgment." *In re Genesys Data Technologies Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). The Motion for Default Judgment asks for $196,465.90, plus statutory interest that has accrued since May 26, 2025. *See* ECF No. 7. Plaintiff has provided the declaration of IRS Revenue Officer Denise Brown, to show that an assessment has been made in this case. ECF No. 7-1. The declaration indicates the same amount of damages requested in the Motion for Default Judgment. *Id.*

The Court finds that Plaintiff's undisputed allegations that Defendant failed to pay taxes for years 2007, 2016, and 2017 warrant default judgment as to Count I of the Complaint. The Court finds that the amount owed, as assessed by Denise Brown, along with statutory penalties and interest that have accrued since May 26, 2025, are appropriate damages in this case.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Default Judgment is **GRANTED**. The Court **ENTERS** a default judgment against Defendant, Donna R. Martorella in the amount of $196,465.90, plus accrued interest.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 17, 2026

Raymond A. Jackson
United States District Judge

4